UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| JAMIE DALE SMITH | CIVIL ACTION NO. 07-0371 |
| --- | --- |
| VS. | SECTION P |
| VENETIA MICHAEL, WARDEN | JUDGE JAMES |
| | MAGISTRATE JUDGE HAYES |

<u>REPORT AND RECOMMENDATION</u>

Before the court is a petition for writ of *habeas corpus* (28 U.S.C. §2254) filed on February 26, 2007, by *pro se* petitioner Jamie Dale Smith.  Petitioner is an inmate in the custody of Louisiana's Department of Public Safety and Corrections. He is incarcerated at the David Wade Correctional Center, Homer, Louisiana, where he is serving the 30-year sentence imposed following his 2003 manslaughter conviction in Louisiana's Fourth Judicial District Court, Ouachita Parish.

His collateral attack of this conviction and sentence have been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §626 and the standing orders of the court. For the following reasons it is recommended that the petition be **DENIED** and **DISMISSED WITH PREJUDICE** as time-barred by the provisions of 28 U.S.C. §2244(d).

### *Statement of the Case*

Petitioner was indicted and charged with second degree murder. On May 20, 2003, during the course of jury selection, the petitioner entered into a plea agreement with the State and pled guilty to the lesser included offense of manslaughter.  In return, the State dismissed the second degree murder charge.  Under the terms of the agreement, the parties agreed to a sentencing

1

hearing and agreed to a sentencing cap of 30-years. [doc. 1-3, p. 8] On October 9, 2003, the

sentencing hearing was convened and petitioner was sentenced to serve 30-years at hard labor.

[doc. 1-1, paragraph 3]  Petitioner did not appeal his conviction and sentence. [doc. 1-1,

paragraph 6]

On March 29, 2005, petitioner filed a *pro se* Application for Post-Conviction Relief in the

Fourth Judicial District Court. [doc. 1-1, paragraph 7; doc. 1-3, pp. 1-19[1]] On May 2, 2005, the

application was denied on the merits. [doc. 1-3, pp. 20-21] Petitioner sought review in the

Second Circuit Court of Appeals. [doc. 1-3, pp. 22-25] On June 2, 2005, the appeals court

granted writs in part, denied them in part, and remanded for further proceedings on the issue of

whether or not petitioner had been promised a ten-year sentence by his trial attorney. *State of*

*Louisiana v. Jamie Dale Smith*, 40262-KH (La. App. 2 Cir. 11/2/2005)(unpublished writ

judgment) [doc. 1-3, p. 26]

On July 5, 2005, the trial court convened a hearing and at the conclusion of the hearing

found no merit in petitioner's claim. [doc. 1-4, pp. 1-33]  Petitioner again sought review in the

Second Circuit Court of Appeals. [doc. 1-4, pp. 34-37]  On September 8, 2005, the Second

Circuit denied writs and mailed notice of judgment to the petitioner.  *State of Louisiana v. Jamie*

*Dale Smith*, 40617-KH (La. App. 2 Cir. 9/8/2005)(unpublished writ judgment) [doc. 1-4, pp. 38-

39]

On October 4, 2005, petitioner sought further review in Louisiana's Supreme Court. [doc.

1-4, pp. 40-46] On August 18, 2006, the Supreme Court denied writs without comment. *State of*

---

[1] Petitioner's Application was filed on April 1, 2005 [doc. 1-3, p. 1]; however, he signed his pleading on March 29, 2005. [*id.*, p. 6, p. 7] A Louisiana prisoner's *pro se* post-conviction application is deemed "filed" when he delivers it to prison authorities for forwarding to the court. *State ex rel. Johnson v. Whitley*, 648 So.2d 909 (La.1995) (adopting *Houston v. Lack*, 487 U.S. 266 (1988)) Under this so-called "mailbox rule" the earliest that the petitioner's application could have been filed is the date petitioner signed the pleading. See *Causey v. Cain*, 450 F.3d 601, 605-06 (5th Cir.2006).

*Louisiana ex rel. Jamie Dale Smith v. State of Louisiana*, 2006-0357 (La. 8/18/2006), 935 So.2d 143. [See also Slip Judgment, doc. 1-4, p. 47] Petitioner signed the cover letter accompanying his petition on February 21, 2007 [doc. 1-1, p. 9]; the pleading was mailed on February 23, 2007 [doc. 1-1, p. 10] and received and filed on February 26, 2007.

### *Law and Analysis*

This petition was filed after the effective date of the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA).  Therefore, the court must apply the provisions of AEDPA, including the timeliness provisions.  *Villegas v. Johnson,* 184 F.3d 467, 468 (5th Cir. 8/9/1999); *In Re Smith,* 142 F.3d 832, 834, citing *Lindh v. Murphy,* 521 U.S. 320, 336, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997).

Title 28 U.S.C. §2244(d)(1)(A) was amended by AEDPA to provide a one-year statute of limitations for the filing of applications for writ of *habeas corpus* by persons in custody pursuant to the judgment of a State court.  This limitation period generally runs from "...the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review..." 28 U.S.C. §2244(d)(1)(A).[2]

However, the statutory tolling provision set forth in 28 U.S.C. §2244(d)(2) provides that the time during which a properly filed application for post-conviction relief was pending in state court is not counted toward the limitation period.  *Ott v. Johnson,* 192 F.3d 510, 512 (5th  Cir. 1999); *Fields v. Johnson,* 159 F.3d 914, 916 (5th Cir. 1998); 28 U.S.C. §2244(d)(2). Any lapse of time <u>before</u> the proper filing of an application for post-conviction relief in state court is counted against the one-year limitation period. *Villegas,* 184 F.3d 467, citing <u>*Flanagan v.*</u>

---

[2] Nothing in the record before the court suggests that any State created impediments prevented the filing of the petition. Further, nothing in the record suggests that petitioner is relying on a constitutional right newly recognized by the United States Supreme Court and made retroactively applicable to cases on collateral review. Finally, nothing in the record suggests that the factual predicate of the claims presented was only recently discovered. [See 28 U.S.C. § 2244(d)(1)(B), (C), and (D)].

3

*Johnson*, 154 F.3d 196, 197 (5th Cir.1998).

Federal courts may raise the one-year time limitation *sua sponte.  Kiser v. Johnson,* 163 F.3d 326 (5th Cir. 1999).

Petitioner was sentenced on October 9, 2003. [doc. 1-1, paragraph 3(b)] Petitioner did not appeal his conviction and sentence [*id.*, paragraph 6].[3]  For AEDPA purposes, petitioner's judgment of conviction and sentence "became final by the conclusion of direct review or the expiration of the time for seeking such review" [28 U.S.C. § 2244(d)(1)(A)], thirty days following the imposition of sentence[4] or, on or about November 8, 2003.  Under 28 U.S.C. § 2244(d)(1) he had one year, or until November 8, 2004, to file his federal *habeas* petition.

Petitioner cannot rely upon the tolling provisions of §2244(d)(2) because he did not file his first post-conviction motion[5] until March 29, 2005 [doc. 1-3, p. 6], and by that time well more than one-year had elapsed from the date his conviction became final. As stated above, the lapse of time before the proper filing of the application for post-conviction relief must be counted against the one-year limitation period. *Villegas,* 184 F.3d 467, citing *Flanagan v. Johnson*, 154 F.3d 196, 197 (5th Cir.1998).

Therefore, petitioner's *habeas corpus* claims are barred by the timeliness provisions codified at 28 U.S.C. § 2244(d).  Accordingly,

-----

[3] Indeed, under Louisiana law, petitioner could not appeal his conviction since he entered a guilty plea. A plea of guilty normally waives all non-jurisdictional defects in the proceedings prior to the plea. *State v. Crosby*, 338 So.2d 584 (La.1976).  Further, petitioner could not appeal his sentence.  See La.C.Cr.P. art. 881.2(A)(2) which provides, "The defendant cannot appeal or seek review of a sentence imposed in conformity with a plea agreement which was set forth in the record at the time of the plea." Under Louisiana law, art. 881.2 applies to bar the appeal of a sentence imposed pursuant to an agreed upon sentencing cap. *State v. Young*, 96-0195 (La.10/15/96), 680 So.2d 1171

[4] See La. C.Cr.P. art. 914(b)(1) which, provides, "The motion for an appeal must be made no later than [t]hirty days after the rendition of the judgment or ruling from which the appeal is taken."

[5] In his application for post-conviction relief, petitioner asserted that he had not previously filed any application for post-conviction relief with respect to the judgment complained of. [See doc. 1-3, p. 2, paragraph 12]

**IT IS RECOMMENDED** that this petition for *habeas corpus* should be **DENIED AND DISMISSED WITH PREJUDICE**  because petitioner's claims are barred by the one-year limitation period codified at 28 U.S.C. §2244(d).

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within ten (10) days after being served with a copy of any objections or response to the District Judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.  *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir.  1996).**

**THUS DONE AND SIGNED** in Chambers at Monroe, Louisiana, this 9th day of April, 2007.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE