RECEIVED
IN MONROE, LA
MAY 18 2007
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| JAMIE DALE SMITH | CIVIL ACTION NO. 07-0371 |
| VERSUS | JUDGE ROBERT G. JAMES |
| VENETIA MICHAEL, WARDEN | MAG. JUDGE KAREN L. HAYES |

## MEMORANDUM RULING

Before the Court is a Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody filed by Petitioner [Doc. No. 1]. Magistrate Judge Karen L. Hayes recommends dismissing the Petition as time-barred under § 2244(d) of the Anti-Terrorism and Effective Death Penalty Act of 1996, 28 U.S.C. § 2241, et seq. ("AEDPA") [Doc. No. 5]. In his objection, Petitioner claims for the first time that he is entitled to statutory tolling because he was not provided access to a prison law library nor made aware of the AEDPA statute of limitations.

For the following reasons, Petitioner's Petition is DENIED AND DISMISSED WITH PREJUDICE.

### I.    LAW AND ANALYSIS

The Court reviews de novo a magistrate judge's report and recommendation if a party files specific, written objections within ten days of service. See 28 U.S.C. § 636(b)(1). In the present case, Petitioner timely filed an objection [Doc. No. 6] to the Magistrate Judge's Report and Recommendation, thus warranting de novo review by the Court.

A.  **Petitioner's Objection**

Petitioner claims that he is entitled to statutory tolling under § 2244(d)(1)(B) because he was not provided access to a prison law library nor made aware of the AEDPA statute of limitations until he was transferred to the Louisiana Department of Corrections on January 27, 2004.

Section 2244(d)(1) provides for statutory tolling as follows:

> A 1-year period of limitation shall apply to an application for writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of --
>
> . . .
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action.

28 U.S.C. § 2244(d)(1)(B). In Egerton v. Cockrell, 334 F.3d 433, 436 (5th Cir. 2003), the Fifth Circuit held that "a state's failure to provide the materials necessary to prisoners to challenge their convictions or confinement, in this case a copy of the very statute that is being used to render [the petitioner's] petition time-barred, constitutes an "impediment" for purposes of invoking § 2244(d)(1)(B). Id. at 438-439.

Assuming arguendo that Petitioner was entitled to invoke statutory tolling under § 2244(d)(1)(B), he would have had one year from the date he was transferred to file an application for a writ of habeas corpus, or until January 27, 2005. Time during which a properly filed application for post-conviction relief is pending in state court is not counted toward the one-year limitation period. See 28 U.S.C. § 2244(d)(2). However, Petitioner did not file his first post-conviction motion, a petition for habeas corpus in state court, until March 29, 2005, two (2)

2

months after the AEDPA limitations period expired. Accordingly, Petitioner's Petition is time-barred under § 2244(d).

## II.   CONCLUSION

For the foregoing reasons and those stated in the Report and Recommendation of the Magistrate Judge [Doc. No. 5], which the Court ADOPTS, Petitioner's Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody [Doc. No. 1] is DENIED AND DISMISSED WITH PREJUDICE as time-barred under 28 U.S.C. § 2244(d).

MONROE, LOUISIANA, this 18 day of May, 2007.

ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE